THE VEDAMORE.

(Circuit Court of Appeals, Fourth Circuit. October 2, 1917.)

No. 1529.

COLLISION �køÞ66—STEAMSHIP AND TOW—CROWDING WHILE PASSING ANCHORED DREDGE.

A finding that a collision between a steamship and a scow in tow, both passing down a channel in Baltimore Harbor, when they were abreast of an anchored dredge, the position of which was known to both, was due solely to the fault of the steamship in failing to allow sufficient room for the tug and tow to pass safely between herself and the dredge, *held* sustained by the evidence.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in admiralty for collision by Albert Connolly, master of the steam tug Marian, against the steamship Vedamore; the Johnson Line Foreign Agency, Limited, claimant. Decree for libelant, and claimant appeals. Affirmed.

R. E. Lee Marshall, of Baltimore, Md. (Daniel R. Randall, of Baltimore, Md., on the brief), for appellant.

John Henry Skeen, of Baltimore, Md., for appellee.

Before PRITCHARD and KNAPP, Circuit Judges, and DAYTON, District Judge.

KNAPP, Circuit Judge. On January 28, 1916, in the late afternoon, the steam tug Marian was towing a loaded scow down Locust Point channel in the harbor of Baltimore. At the same time the steamship Vedamore, which had just backed out from Pier 8, was also going down the channel on a nearly parallel course. Directly ahead of these vessels, on the northerly side of the channel, was a dredge, held by anchor ropes, which had been there about a year and was plainly visible. From some cause, which is in sharp dispute, the scow came

into collision with the steamship, as they were approaching the dredge and almost abreast of it, with the result that the tug was capsized and sunk. The court below found:

"In a sense the primary cause of the accident was the fact that the dredge narrowed the usual fairway. The Vedamore was so navigated that it did not allow sufficient room for the Marian and her tow to pass safely between the Vedamore and the dredge. The dredge was, of course, properly in the position in which it was, and it had been in the same spot or very close to the same spot for a long time. The pilot [of the Vedamore] knew where it was. * * * The testimony as well as the inspection of the charts and common knowledge show that the ordinary and proper course in and out of Baltimore Harbor is between the position of the dredge and the Locust Point side. The Vedamore, in going out of the harbor, knowing, as she did, the position of the Marian and the dredge, was bound to navigate with a view of giving the Marian sufficient room to pass safely between her and the dredge. She did not do so. * * * Whatever his [the pilot's] reasons were, it is certain he did not give the Marian sufficient space safely to pass. The fault of the Vedamore is clear. The evidence does not show that the purpose of the Vedamore to keep close to the dredge buoys was known to the Marian in time for the latter safely to have attempted to pass to the port side of the dredge and its buoys. To have done so would have required her to have gone about 450 feet to the port of her course. * * * As the evidence does not convince me that the master of the Marian knew in time that the Vedamore intended to keep so close to the dredge and her buoys that he would not have room safely to pass, I do not see my way clear to hold the Marian at fault. The Vedamore will therefore be held solely liable."

The case turns wholly on this question of fact, and no sufficient reason appears for disagreeing with the conclusion reached by the learned District Judge.

Affirmed.